UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATARINO PEREZ, on behalf of himself, FLSA Collective Plaintiffs, and the Class,

                      Plaintiff,

-against-

EONS – GREEK FOOD FOR LIFE, LLC, EONS 2 AVE LLC, EONS RESTAURANT HOLDING LLC, EONS FOREVER LLC, EONS MONTVALE LLC, EONS PARAMUS LLC, KIG NYVA EONS LLC, and GEORGE GEORGIADES,

                      Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/12/2020
```

20 Civ. 1121 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

      Plaintiff, Catarino Perez, brings this action against Defendants, Eons – Greek Food for Life LLC, Eons 2 Ave LLC, Eons Restaurant Holding LLC, Eons Forever LLC, Eons Montvale LLC, Eons Paramus LLC, Kig Nyva Eons LLC, and George Georgiades for, *inter alia*, unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* ECF No. 1. Having reached a settlement, the parties seek the Court's approval of their proposed settlement agreement (the "Settlement"). *See* Letter, ECF No. 30. For the reasons stated below, the motion to approve the settlement agreement is GRANTED.

## DISCUSSION

I.    <u>Legal Standard</u>

      The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

      In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and

reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

    II.    <u>Analysis</u>

The Settlement provides for Defendants to pay Plaintiff a total award of $30,000, comprising $20,000 in damages and $10,000 in attorney's fees and costs. Stipulation of Settlement and Release § 4, ECF No. 31-1; Letter at 3. Plaintiff estimates his alleged unpaid wages to be in the amount of $41,492, and estimates that Plaintiff's full recovery could be as much as $106,685.30. ECF No. 30-2. However, Defendants contend that Plaintiff was paid in full for his hours worked, and if their defenses prevailed at trial, Plaintiff's recovery could be defeated or significantly reduced. Letter at 2. Additionally, this case settled relatively quickly, allowing the parties to avoid significant litigation expense; the parties state that they negotiated "vigorously" at arm's length, with substantial disclosures of relevant information; and there is no evidence of fraud or collusion. Letter at 2. The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is not overly broad, as it applies only to Defendants and closely related entities, and releases only claims "within [this action] and/or the [c]omplaint filed therein" or other wage-and-hour claims that predated the date of the Settlement. Stipulation of Settlement and Release § 2. The Settlement contains a "nondisparagement" clause, *id.* § 10, which "can be objectionable in FLSA cases" if it

"prevent[s] the spread of information about FLSA actions to other workers." *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *3 (S.D.N.Y. Nov. 18, 2019) (internal quotation marks and citation omitted). But because the clause contains an express carve-out permitting the parties to "mak[e] truthful statements concerning their experiences litigating" this action, it is acceptable. Settlement § 10; *see Weng v. T&W Rest., Inc.*, No. 15 Civ. 08167, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) ("While not every non-disparagement clause in an FLSA settlement is *per se* objectionable, a clause which bars a plaintiff from making negative statements about a defendant must include a carve-out for truthful statements about a plaintiff's experience in litigating his case." (internal quotation marks, citation, and alterations omitted)) (collecting cases). The Settlement does not contain a confidentiality provision. The Court is, therefore, satisfied that the Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiff's counsel seeks to recover $10,000 in fees and costs, which constitutes one-third of the total recovery. Letter at 3; Stipulation of Settlement and Release § 4(B). The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). "Contingency fees of one-third in FLSA cases are routinely approved in this [c]ircuit." *Prabir v. Bukhara Indian Cuisine, Inc.*, No. 17 Civ. 3704, 2019 WL 1129433, at *4 (S.D.N.Y. Mar. 12, 2019) (collecting cases). Nonetheless, as a check on the reasonableness of attorney's fees, courts still calculate the total cost of attorneys' hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's lodestar calculation is $18,437.50 in attorney's fees, plus $592 in costs. Letter at 3; *see* Timesheet, ECF No. 30-3. C.K. Lee billed 13 hours at $800 per hour, Timesheet at 1; two first year associates, Audrey Couraud and Anthony Parker, billed 5.1 hours and 1.6 hours, respectively, at $350 per hour, *id.*; and four paralegals billed at $275 per hour: Rebecca Driver for 6 hours, Luis Arnaud for 3.1 hours, Simon Lee for 9.9 hours, and Panning Cui for 1.7 hours, *id.*

The Court is not aware of any cases in this district that have approved an $800 hourly rate in a FLSA case, even for an experienced attorney like Mr. Lee. *See, e.g.*, *Navarro Zavala v. Trece Corp.*, No. 18 Civ. 1382, 2020 WL 728802, at *2 (S.D.N.Y. Feb. 13, 2020) (holding that rates of $450 for an experienced partner is "on the high end of what is typical in FLSA cases" (internal quotation marks and citation omitted)); *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 27 (S.D.N.Y. 2015) ("[A] number of fairly recent decisions in this district have specifically reduced Mr. Lee's requested hourly rate of $550.00 per hour for purposes of lodestar."); *Alvarez v. 894 Pizza Corp.*, No. 14 Civ. 6011, 2016 WL 4536574, at *7 (E.D.N.Y. Aug. 2, 2016), *report and recommendation adopted*, 2016 WL 4540817 (E.D.N.Y. Aug. 30, 2016) (setting $400 hourly rate for Mr. Lee). This case was not exceptionally complicated, and did not require extraordinary skill. Accordingly, for the purposes of calculating the lodestar, the Court will set Mr. Lee's hourly rate at $450.

3

A junior associate's hourly rate of $350 is also above the norm for FLSA cases in New York City. *See Seong Soo Ham v. Sushi Maru Express Corp.*, No. 115 Civ. 06138, 2017 WL 4023131, at *2 (E.D.N.Y. Sept. 13, 2017) (setting rate for junior associate at $150 per hour), *aff'd*, 736 F. App'x 19 (2d Cir. 2018); *Gonzalez*, 112 F. Supp. 3d at 29 (S.D.N.Y. 2015) (holding that $150 hourly rate was reasonable for first-year associate at Mr. Lee's firm). For the purposes of calculating the lodestar, the Court will set Ms. Couraud's and Mr. Parker's rate at $200 per hour.

And $275 per hour is significantly higher than the reasonable rate set for paralegals in FLSA cases in this district. *See Siegel v. Bloomberg L.P.*, No. 13 Civ. 1351, 2016 WL 1211849, at *7 (S.D.N.Y. Mar. 22, 2016) ("In recent FLSA actions in this [d]istrict, hourly rates between $100 and $125 for paralegal work have been found to be reasonable." (internal quotation marks, citation, and alterations omitted); *Gonzalez*, 112 F. Supp. 3d at 29 (holding that $100 per hour was reasonable rate for paralegals at Mr. Lee's firm); *Alvarez*, 2016 WL 4536574, at *7 (setting reasonable rate at $80 per hour for paralegals at Mr. Lee's firm). For purposes of the lodestar calculation, the Court will set Ms. Driver, Mr. Arnaud Mr. Lee, and Ms. Cui's hourly rates at $125.

Applying those reduced rates to Plaintiff's counsel's fee calculation—which the Court finds to be otherwise reasonable—the lodestar calculation encompasses 13 hours at $450 for Mr. Lee ($5,850), 6.7 hours at $200 for the associates ($1,340), and 20.7 hours at $125 for the paralegals ($2,587.50), for a lodestar amount of $9,777.50. Plaintiff's counsel seeks to add to that amount another $592 in costs, but provides no proof that those costs were incurred, much less that they were incurred reasonably. The Court, therefore, will compare the requested fee award against a total lodestar amount of $9,777.50.

The requested award of $10,000 is only very slightly higher than the lodestar amount, confirming its reasonableness. *Cf. Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 438–39 (S.D.N.Y. 2014) ("The fact that counsel here worked on contingency clearly entitles them to some premium for the risk incurred."). Accordingly, the Court holds that the $10,000 fee award is reasonable.

## CONCLUSION

The parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: August 12, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge

4